IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD ERIN GRAY, SR.,            )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )
                                   )        Case No. 15-9203-CM
TROOPER RYAN KUFAHL, et al.,       )
                                   )
                    Defendants.    )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Richard Erin Gray, Sr., brings this action pro se, claiming that a number of Kansas State Troopers and others violated his constitutional rights when they stopped the pickup truck plaintiff was driving, searched and seized the truck, and detained plaintiff at the Lyon County Detention Center. The case is before the court on the motions to dismiss of defendants (Docs. 118, 119, 123, 126, 128, and 132).

## I.      Standards of Review

Defendants filed their motions to dismiss based on several different grounds. Consequently, the court reviews plaintiff's complaint under various standards, depending on the argument for dismissal. The court briefly outlines these standards below, and applies them where appropriate throughout this Memorandum and Order.

### A.      Rule 12(b)(1) (Lack of Subject Matter Jurisdiction)

Many defendants argue that the court lacks subject matter jurisdiction over the case because an ongoing state court case exists or because they are immune from suit. Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *See Castaneda v. Immigration & Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir. 1994). This court's

jurisdiction is established by the United States Constitution and by acts of Congress.  *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

A party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed.  *See Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

### B.      Rule 12(b)(5) (Ineffective Service)

Two defendants challenge whether plaintiff properly served them.  Rule 12(b)(5) governs motions to dismiss for insufficient service of process.  *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).  Plaintiff bears the burden to make a prima facie case that he has properly served defendants.  *Id.*

### C.      Rule 12(b)(6) (Failure to State a Claim)

Almost all defendants raise arguments that plaintiff fails to state a claim in one form or another. The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal v.*

*Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  In reviewing the sufficiency of a complaint, the court determines whether the plaintiff is entitled to offer evidence to support his claims—not whether the plaintiff will ultimately prevail.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

### D.     28 U.S.C. § 1915(e)(2)(B) (Review of an In Forma Pauperis Proceeding)

There are a few defendants who have not filed a motion to dismiss.  Because plaintiff proceeds in forma pauperis, the court may review plaintiff's complaint without a motion on file, and may dismiss claims sua sponte under 28 U.S.C. § 1915(e)(2)(B), as frivolous, as failing to state a claim upon which relief may be granted, or based on immunity.  *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997).  Such dismissal is warranted "if the plaintiff cannot make a rational argument on the law and facts," *id.* at 1172 (citations and quotations omitted), or if it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile, *id.* at 1173 (citations and quotations omitted).

### E.     Proceeding Pro Se

Finally, the court is mindful of the fact that plaintiff is proceeding pro se.  Because of plaintiff's status, the court affords him some leniency in construing his complaint.  *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted).  The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).  Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney*, 113 F.3d at 1173–74 (citation omitted).

## II.   Discussion

Plaintiff's complaint arises out of an incident in which defendants stopped the pickup truck plaintiff was driving, searched and seized the truck, and detained plaintiff at the Lyon County Detention Center.  Plaintiff alleges that his constitutional rights were violated (specifically, the Fourth, Fifth, and Eighth Amendment rights), and that defendants violated numerous criminal statutes. Plaintiff does not specify that he brings his constitutional claims pursuant to 42 U.S.C. § 1983, but the court will assume that § 1983 is the statute plaintiff intended to use to bring his claims.  *See, e.g.*, *Gilbert v. State of Kan.*, No. 04-4005-SAC, 2004 WL 432229, at *1 (D. Kan. Feb. 12, 2004).

After defendants filed the pending motions to dismiss, plaintiff filed a three-page response to all of the motions.  In that response, plaintiff does not directly address defendants' arguments.  He fails to cite any case law or reasoning why the court should deny defendants' motions.  Instead, plaintiff merely makes statements such as the following:

> Here comes now Plaintiff is in opposition to the motions to dismiss due to the defendants' heinous crime and continued mayhem it is causing within my family old and new.  I lost my common wife, my son is in limbo and my parents forsake me.  In this [unreadable] sleeping indoors can become a struggle.  I never knew how much I was being bullied for a hunters sport until recent.  These men who want dismissal make games with our lives while we suffer due to ignorance or poverty.  They hurt us by social security numbers, copyrights, state ID's, and have fun doing it while we are marched to the gas, sometimes figuratively speaking.

(Doc. 146 at 1.)  Plaintiff's response is insufficient to rebut any of defendants' arguments or legal citations.  The court has, however, fully considered the merits of defendants' arguments in deciding whether the motions to dismiss should be granted.  The court grants the motions on the following alternative (and overlapping) bases.

### A.   *Younger* Abstention

First, with limited exceptions, the *Younger* abstention doctrine prohibits a federal court from intervening with ongoing state proceedings.  *See Younger v. Harris*, 401 U.S. 37, 54 (1971).  The case

which is the subject of this suit remains pending in Lyon County, Kansas.  The Lyon County case implicates important state interests (traffic regulation), and plaintiff could present his constitutional challenges in that case.  *See Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (identifying requirements for *Younger* abstention).  It is therefore improper for plaintiff to file this case to challenge events that are directly involved in the state court proceedings.

Second, many defendants in this case are entitled to immunity from suit.  Plaintiff has sued the following parties:

- Judge Douglas P. Jones;

- R. Christine Brammer (Clerk of Lyon County Court);

- Carissa E. Brinker (Assistant County Attorney);

- The State of Kansas;

- Chad R. Moore (jailer in the Lyon County Detention Center), other "Officer Does," and the Lyon County Detention Center;

- Kansas State Troopers Ryan Kufahl, Shawn Taylor, Patrick McCormick, other "Trooper Does," Captain Joe Bott,[1] and "Kansas State Trooper" (served at the address of the Kansas State Troopers Association);

- Kansas Turnpike Authority;

- International Fidelity Insurance; and

- Squires Auto-Truck Service & Tire Center.

Defendant Jones is entitled to judicial immunity.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1434–35 (10th Cir. 1986).   Defendant Brammer is entitled to quasi-judicial immunity.  *See Coleman v.*

---

[1] Plaintiff suggests in his response to defendants' motions to dismiss that he is voluntarily abandoning his claims against defendant Bott.  (Doc. 146 at 3.)  Nevertheless, the court has examined the claims against defendant Bott as if he remains a defendant in the case.

*Farnsworth*, 90 F. App'x 313, 316–317 (10th Cir. 2004).  Defendant Brinker is entitled to absolute prosecutorial immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).  All claims against the State of Kansas and defendants Jones, Brammer, Brinker, Moore, Kufahl, Taylor, McCormick, and Bott in their official capacities are barred by Eleventh Amendment Immunity.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72, 73, 76 (1996); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (holding that Eleventh Amendment bars suits under 42 U.S.C. § 1983).  All government officials sued in their individual capacities are entitled to qualified immunity with respect to plaintiff's claims under 42 U.S.C. § 1983.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Butler v. City of Prairie Village*, 172 F.3d 736, 745 (10th Cir. 1999).  Plaintiff's allegations of constitutional violations are merely conclusory allegations, which are insufficient to establish a violation of a constitutional right when the defense of qualified immunity is raised.  *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998).  And when defendants raise the defense of qualified immunity, plaintiff then bears the burden of presenting legal authority to show the existence of clearly established law.  *See Columbian Fin. Corp. v. Stork*, No. 14-3274, 2016 WL 303890, at *3 (10th Cir. Jan. 26, 2016); *Rozek v. Topolnicki*, 865 F.2d 1154, 1157 (10th Cir. 1989).  Plaintiff's response fails to address qualified immunity at all.

Third, plaintiff has failed to properly effect service on some defendants.  Specifically, the claims against International Fidelity Insurance, Kufahl, Taylor, McCormick, and Bott are dismissed for failure to effect service as outlined in Docs. 118 and 133.

Fourth, defendant Kansas Turnpike Association and defendant Lyon County Detention Center are dismissed because they are not proper parties to this suit.  Plaintiff named "Kansas State Troopers," but identified the address as that of the Kansas State Troopers Association.  The Association is a public employee union—not a law enforcement agency.  And the Lyon County Detention Center is not an

entity that can be sued. *See Baker v. Sedgwick Cty. Jail*, No. 12-3163-SAC, 2012 WL 5289677, at *2 n.3 (D. Kan. Oct. 24, 2012) (citation omitted); *Chubb v. Sedgwick Cty. Jail*, No. 09-3010-SAC, 2009 WL 634711, at *1 (D. Kan. Mar. 11, 2009) (citation omitted).

Fifth, plaintiff cites alleged violations of federal criminal laws as a basis for his complaint. Generally, private citizens lack standing to prosecute alleged violation of criminal laws. *Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997) (citation omitted). To the extent that plaintiff is making claims under the civil provisions of the federal racketeering statutes, the court dismisses those claims. Plaintiff has not stated a claim for relief under the Racketeer Influenced and Corruption Organization Act ("RICO").

And finally, a few defendants have individual grounds for dismissal. The Kansas Turnpike Authority is only mentioned in Counts 5 and 6. Plaintiff does not name the entity at all in his "Facts" section. Although plaintiff often refers generally to "defendants," his failure to differentiate between the acts of particular defendants renders his complaint inadequate under Fed. R. Civ. P. 8. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Although Squires Auto-Truck Service & Tire Center did not file a motion to dismiss, the court dismisses the claims against it under 28 U.S.C. § 1915(e)(2)(B) because the court has construed plaintiff's claims as § 1983 claims. To prevail on § 1983 claims, plaintiff must show that defendant Squires was acting under color of state law. *Jenkins v. McBride*, Nos. 94-3195, 94-3197, 94-3198, 94-3199, 94-3248, 94-3260, 1995 WL 257842, at *1 (10th Cir. May 2, 1995). He has made no such allegations here. Sua sponte dismissal is therefore appropriate under § 1915(e)(2).

Finally, plaintiff cannot proceed in the case against unnamed Doe defendants.  The court dismisses these claims for the same reasons it dismisses the claims against the known defendants. Again, under § 1915(e)(2)(B), the court may sua sponte dismiss these claims as frivolous, for failure to state a claim, and on the basis of immunity.

**IT IS THEREFORE ORDERED** that plaintiff's complaint is dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the court grants the motions to dismiss of defendants (Docs. 118, 119, 123, 126, 128, and 132).

**IT IS FURTHER ORDERED** that the court denies defendants' motions to strike (Docs. 86 and 108) and plaintiff's motion for injunctive relief (Doc. 122) as moot.

The case is closed.

Dated this 6th day of September, 2016, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-8-